PEARL STONE v. STATE.

No. 2104.     Decided December 4, 1912.

1.—Occupation—Selling Intoxicating Liquors—Local Option—Bill of Exceptions.

In the absence of a bill of exceptions, an objection to the admission or exclusion of testimony cannot be considered.

2.—Same—Charge of Court.

Where there was no evidence supporting the requested charges, there was no error in refusing same.

3.—Same—Accomplice—Charge of Court.

The law provides that the purchaser of intoxicating liquor in prohibition territory is not an accomplice, and there was no error in refusing a charge presenting this issue.

4.—Same—Charge of Court.

Where the objections to the charge of the court are too general, they cannot be considered on appeal.

Appeal from the District Court of Collins. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, prosecuted and convicted of unlawfully pursuing the occupation of selling intoxicating liquors in prohibition territory, and her punishment assessed at two years confinement in the penitentiary.

The two grounds in the motion complaining that the court erred in admitting testimony, and in excluding testimony, can not be considered by us as there are no bills of exception in the record.

There was no error in the court refusing the special charges requested, There was no evidence calling for the first special charge, the record not even suggesting that she, in making the sales and pursuing the occupation, was acting under the direction of her husband.

The statutes provide that the purchaser of intoxicating liquor in prohibition territory is not an accomplice, consequently the court did not err in refusing the instruction presenting this issue.

The only ground in the motion complaining of the charge of the court is too general to be considered.

The judgment is affirmed.

*Affirmed.*